THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| ERIK L. SLONEKER and E-C ENTERPRISES, INC., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Case No. 10-CV-04096-NKL |
| v. | ) |  |
|  | ) |  |
| CRAIG SMITH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**ORDER**

Before the Court is a Motion to Remand to the Circuit Court of Camden County, Missouri, filed by Plaintiffs Erik L. Sloneker and E-C Enterprises, Inc. [Doc. # 5]. For the following reasons, the motion is granted.

**I.      Background**

On February 2, 2009, Sloneker and E-C Enterprises filed a complaint against Craig Smith, seeking more than $133,556.81 plus interest due on a promissory note, as well as other damages. Smith was served a summons on February 26, 2009. Smith's first attorney died on October 8, 2009. His second attorney withdrew on February 10, 2010, citing unfamiliarity with this type of matter. On May 7, 2010, Smith, through his third attorney, filed notice of removal to this Court. Sloneker filed a motion to remand on May 19, 2010.

Smith is a Missouri resident and Sloneker is an Illinois resident. The parties dispute whether E-C Enterprises, an Illinois corporation, maintains its principal place of business in Missouri or Illinois.

## II. Discussion

### A. Timeliness of Removal

Generally, a party may remove an action if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). Notice of removal shall be filed within thirty days of receipt of the initial pleadings. 28 U.S.C. § 1446(b). If the claim stated by the initial pleadings is not removable but subsequently becomes removable, the defendant has thirty days to remove after receipt of any document "from which it may first be ascertained that the case is one which is or has become removable." *Id.* In such circumstances, the case may not be removed after more than one year has passed since the commencement of the action. *Id.*; *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002).

Smith argues that notice of removal was timely despite being filed more than fourteen months after Sloneker served him. Smith argues that the one-year limitation of § 1446(b) does not apply to cases that were removable from their commencement, as stated in *Brown*, he could timely remove more than one year after Smith filed suit. *See Brown*, 284 F.3d at 873. But when a claim is removable at the commencement of the lawsuit, it must be done in thirty days. Smith does not contend that the suit was not removable at the commencement of the suit; therefore, the thirty day limit applied and he missed that deadline, waiving his right to remove.

### B. Equitable Tolling

Smith next argues that if he did not comply with § 1446(b), the Court should excuse his noncompliance through the principle of equitable tolling because of a "series of unfortunate events beyond the control of the Defendant": the death of his first attorney and the withdrawal of his second because of unfamiliarity with this type of case. [Doc. # 6]. "Generally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Federal courts have typically extended equitable relief only sparingly," such as when a claimant is induced into missing a deadline by his adversary's misconduct or files a defective pleading during the statutory period. *Id.* at 96.

Although the Court recognizes that Smith has been hampered by unfortunate events, the facts of this case are not like those where equitable tolling is typically applied, such as where a deadline is missed only narrowly and through no fault of the defendant's attorney. *See, e.g.*, *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 424 (5th Cir. 2003) (applying equitable tolling where the defendant exceeded the one-year limit of § 1446(b) by ten days and the plaintiff had engaged in forum manipulation). Here, the deadline was missed by a wide margin and Smith's first attorney had the opportunity to meet it (his death occurred after the deadline had passed). Therefore, it was not the change of counsel which caused the thirty day deadline to be missed. *See Maguire v. Genesee County Sheriff*, 601 F. Supp. 2d 882, 885 (E.D. Mich. 2009) (holding that defendant's change of counsel "does not furnish

an adequate explanation for his previous counsel's failure to comply with the thirty-day requirement"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (each party is bound by the acts of his lawyer). Because his first attorney had the opportunity to timely file notice of removal, Smith has no basis for alleging prejudice from his change of counsel. The Court declines to apply equitable tolling to this case.

Because Smith failed to meet the procedural requirements of § 1446(b), the merits of his argument that this Court has subject matter jurisdiction over the matter are not reached.

### C. Request for Leave to File Counterclaims and Third-Party Claims

Smith argues that the Court should deny the motion to remand because he plans to file counterclaims and third-party claims against diverse defendants. He requests leave to file these claims in the interest of judicial expediency, arguing that "raising these claims in State Court and then moving to have the case removed to this Court would result in an unnecessary expenditure of time and resources." [Doc. # 6]. Smith indicates that, once he has added third-party defendants, they will seek removal such that the case will be returned to this Court. But Smith brings to the Court's attention – and the Court has found – no theory by which the addition of third-party defendants would cure Smith's failure to comply with the thirty-day requirement of § 1446(b). Whether a third party defendant seeks removal is at this point speculative. The Court denies Smith's request to amend without prejudice.

### D. Request for Costs and Expenses

Sloneker requests an award of costs and expenses incurred as a result of Smith's improper removal of the case to federal court. "An order remanding the case may require

4

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1147(c). However, costs and expenses may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Although it is not necessary that the party seeking attorney fees show the removal of the case was in bad faith or not fairly supportable, such showings (or lack thereof) are appropriate factors for the court to consider in its analysis." *GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 394 F. Supp. 2d 1058, 1062 (N.D. Iowa 2005) (parenthetical in original).

Although the Court rejects Smith's arguments, the unusual circumstances surrounding the case – the death and withdrawal of Smith's first two attorneys – lead the Court to find that his attempt to remove was not objectively unreasonable. Furthermore, there is no showing that his apparent misinterpretation of § 1446(b) was made in bad faith. The Court declines to award costs and expenses incurred as a result of the removal.

### III. Conclusion

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Remand to the Circuit Court of Camden County, Missouri [Doc. # 5], is GRANTED.

                                                s/ NANETTE K. LAUGHREY
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated:  July 12, 2010
Jefferson City, Missouri